CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-04983-FMO-MAA                    Date: June 26, 2019

Title:   Daniel Ray Bennett v. L. J. Milusnic

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**      Order to Show Cause Why the Petition Should Not Be Dismissed

       On June 4, 2019, Petitioner Daniel Ray Bennett, a federal inmate currently incarcerated at the United States Penitentiary in Victorville, California, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). ("Petition," ECF No. 1.) As discussed below, the Court directs Petitioner to explain why the Petition should not be characterized and dismissed as an uncertified second or successive motion pursuant to 28 U.S.C. § 2255 ("Section 2255").

       Petitioner challenges a conviction and sentence he sustained over two decades ago in this district for conspiracy to commit murder for hire, a crime to which he pleaded guilty. (*See* Petition at 2); *see also* Plea Agreement, No. 2:96-cr-01140-MMM (C.D. Cal. Sept. 15, 1997), ECF No. 507; Change of Pleas, No. 2:96-cr-01140-MMM (C.D. Cal. Sept. 16, 1997), ECF No. 528.[1] The Petition alleges four grounds for relief: (1) the Petition meets the requirements of the savings clause, allowing him to proceed pursuant to Section 2241; (2) Petitioner's plea agreement was involuntary given that the government withheld critical *Brady* evidence; (3) a wiretap authorization violated Petitioner's due process rights pursuant to the Fifth Amendment; and (4) Petitioner suffered constitutionally ineffective assistance of counsel during the plea proceedings. (*See* Petition at 3-4.)

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this district and in the Ninth Circuit Court of Appeals. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-cv-04983-FMO-MAA                         Date:  June 26, 2019

Title:     Daniel Ray Bennett v. L. J. Milusnic

      Before the instant action, Petitioner filed an appeal and at least three motions pursuant to Section 2255.  *See United States v. Bennett*, 219 F.3d 1117 (2000) (affirming denial of motion to suppress wiretap evidence), *cert. denied*, 531 U.S. 1056 (2000); Order Denying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255, *United States v. Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. Mar. 21, 2002), ECF No. 1079 (denial of motion in No. 2:01-cv-09649-ER); Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, *Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. July 24, 2015), ECF No. 1248 (denial of motion in No. 2:14-cv-04757-MMM); Order Denying Defendant Daniel Ray Bennett's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 25 U.S.C. § 2255(f)(4), *Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. Mar. 4, 2016), ECF No. 1260 (denial of Petitioner's Section 2255 motion in No. 2:15-cv-07947-SJO).

      To determine if this Court has jurisdiction over the Petition, the Court must resolve whether it is properly brought pursuant to Section 2241 or Section 2255.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue.").  A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus pursuant to Section 2241 in the custodial court.  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  In contrast, a Section 2255 motion filed in the sentencing court generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  But a federal inmate is limited to one Section 2255 motion unless he obtains a certificate from a United States Court of Appeals authorizing him to bring a second or successive motion.  *See* 28 U.S.C. § 2255(h).

      Although "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241," *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), in limited circumstances an inmate who already has brought a Section 2255 motion may challenge the legality of detention by means of a Section 2241 action.  *See Alaimalo v. United States*, 645 F.3d 1042, 1046-47 (9th Cir. 2011).  Pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").

A petitioner may utilize the savings clause only if (1) the petition presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  "To establish actual innocence for the purposes of habeas relief, a petition must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Alaimalo*, 645 F.3d at 1047 (citation and quotation marks omitted).  An individual who "was convicted for conduct not prohibited by law" is actually innocent.  *Id.*  In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Id.* (citation and quotation marks omitted).

Here, the Petition challenges the legality of Petitioner's conviction and sentence, not the manner, location, or conditions of the execution of the sentence.  (*See* Petition at 2.)  Thus, unless the savings clause applies, the Petition should be construed as a Section 2255 motion, not as a Section 2241 petition.  *See Harrison*, 519 F.3d at 961-62 (characterizing a Section 2241 petition not "brought pursuant to the escape hatch" as a "disguised" Section 2255 motion).  Fittingly, Petitioner expressly invokes the savings clause.  (*See* Petition at 15.)  Petitioner asserts his Petition meets the savings clause requirements because, after entering into the plea agreement, he discovered the identity of and information about a key informant, Andrew Chambers, whose statements supported a government agent's affidavit, on the basis of which a court issued an order authorizing wiretap surveillance of Petitioner.  (*See id.* at 13-16); *see also Bennett*, 219 F.3d at 1120-21 (summarizing factual context of Chambers's role in Petitioner's criminal case).  Petitioner appears to assert that, had he known information that could impeach Chambers's credibility, such as instances of Chambers's false testimony in other trials, he would not have pleaded guilty and instead would have sought a jury trial.  (*See* Petition at 15-16.)

The allegations in the Petition do not meet the savings clause requirements.  *First*, Petitioner does not assert a valid claim of actual innocence.  Petitioner states that he is actually innocent "because the government[']s decision not to provide Andrew Chambers[']s identity pre-plea was intentionally done," which "severely [a]ffected the proceedings in [their] totality."  (*Id.* at 15.)  Although withholding Chambers's identity may have affected Petitioner's decision to plead guilty and, perhaps, the outcome of the criminal proceeding, this withheld information is irrelevant to the question of whether Petitioner was actually innocent of the crime to which he pleaded guilty.  *Cf. Bousley v. United States*, 523 U.S. 614, 615 (1998) ("'[A]ctual innocence' means factual innocence,

not mere legal insufficiency."). Chambers's identity and prior false testimony have no bearing on whether "it is more likely than not that no reasonable juror would have convicted" Petitioner or whether Petitioner was "convicted for conduct not prohibited by law." *Alaimalo*, 645 F.3d at 1047; *see also Marrero*, 682 F.3d at 1193 ("[A] purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."). In other words, although Petitioner provides evidence that he might not have pleaded guilty had he known impeachment information about Chambers, he presents no evidence that he is actually innocent of the crime of conspiracy to commit murder for hire.

*Second*, even if Petitioner presented a claim of actual innocence, he already had an unobstructed procedural shot to assert such a claim. Petitioner asserts that he did not know of the factual predicate for the claims he brings in this proceeding—that is, "how critical Andrew Chambers['s] involvement was in his case"—until after he pleaded guilty. (Petition at 13; *see also id.* at 13-14.) But Petitioner's appeal and prior Section 2255 motions, which concern Chambers's role in Petitioner's case, demonstrate that Petitioner had an unobstructed procedural shot at presenting an actual innocence claim predicated on Chambers's credibility. *See, e.g.*, *Bennett*, 219 F.3d at 1121 (noting that "pertinent impeachment material" about Chambers, including his "lying under oath in previous cases," was not included in affidavit supporting application for wiretap); Order Denying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255, at 2 & n.2, *Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. Mar. 21, 2002), ECF No. 1079 (describing Petitioner's allegations from first Section 2255 motion bearing on Chambers' credibility). In any event, Petitioner's argument pertains to the factual basis, not the legal basis, of his claims. The legal basis for Petitioner's claims existed as soon as he was sentenced, and Petitioner does not contend that the relevant law has changed. *See Alaimalo*, 645 F.3d at 1047; *cf., e.g.*, *Harrison*, 519 F.3d at 961 (concluding habeas petitioner had unobstructed procedural shot where Ninth Circuit and Supreme Court precedent provided "ample basis" for petitioner to present his claim at the time of his guilty plea, direct appeal, and first Section 2255 motion). Because Petitioner has shown no change in law that might affect his claims, Petitioner has not shown that he lacked an unobstructed procedural shot at presenting his claims.

In sum, the Petition does not show that the savings clause is applicable to this action. Thus, unless Petitioner can demonstrate in a written response to this Order that his action may be brought pursuant to the savings clause, the Petition must proceed pursuant to Section 2255.

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-cv-04983-FMO-MAA                                    Date: June 26, 2019

Title:      Daniel Ray Bennett v. L. J. Milusnic

      Petitioner previously filed Section 2255 motions regarding the conviction and sentence challenged in the instant Petition. *See, e.g.*, *Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. Mar. 4, 2016), ECF No. 1260 (dismissing Section 2255 motion on the basis that it was second or successive). Petitioner does not indicate that he has obtained a certification from the Ninth Circuit authorizing him to file a second or successive Section 2255 motion. Should the Court construe the Petition as a motion pursuant to Section 2255, dismissal would be appropriate considering Petitioner's previous Section 2255 motions. *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007))).

      Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend characterization of the Petition as a motion made pursuant to Section 2255 and dismissal of the action as an unauthorized second or successive Section 2255 motion. Petitioner shall file a written response addressing the Court's concerns no later than **twenty-one (21) days** after service of this Order. Alternatively, Petitioner may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

      **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

**Time in Court:**  0:00
**Initials of Preparer:**  CSI