# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY BENNETT,<br><br>                Petitioner,<br><br>   v.<br><br>L.J. MILUSNIC, Warden,<br><br>                Respondent. | Case No. 2:19-cv-04983-FMO-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R," ECF No. 11).

The Court also has reviewed Petitioner's objections to the Report and Recommendation. ("Objections," ECF No. 12.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected. The Objections reiterate arguments made in Petitioner's substantive response (*see generally* ECF No. 9), and they lack merit for the reasons set forth in the R&R. Below, the Court briefly addresses arguments raised for the first time in the Objections.

Petitioner contends that "when the Jurisdiction and Substance Overlap, plaintiff bear a lesser burden." (Objections at 2 (errors preserved).) Petitioner cites *Bell v. Dublin*, No. 17-CV-07346-LHK, 2019 U.S. Dist. LEXIS 40907, 2019 WL 1170780 (N.D. Cal. Mar. 13, 2019), for this proposition. In *Bell*, the district court concluded that the petitioner need not meet her ultimate burden on an actual innocence claim to invoke the district court's jurisdiction. *Id.*, 2019 U.S. Dist. LEXIS 40907, at *30-31, 2019 WL 1170780, at *10. Instead, because there was "a substantial overlap between substantive and jurisdictional analyses," the court applied a "lesser burden of proof." *Id.*, 2019 U.S. Dist. LEXIS 40907, at *31-34, 2019 WL 1170780, at *11. However, the court also reflected on Ninth Circuit precedent concluding that a petitioner who fails to produce any evidence of actual innocence does not invoke the jurisdiction of the federal courts. *Id.*, 2019 U.S. Dist. LEXIS 40907, at *29, 2019 WL 1170780, at *10 (citing *Lorentsen v. Hood*, 223 F.3d at 955-56 (9th Cir. 2000)). The court observed that "the Ninth Circuit appears to require some factual showing in order to invoke jurisdiction over an escape hatch petition." *Id.*, 2019 U.S. Dist. LEXIS 40907, at *33, 2019 WL 1170780, at *11. Here, as observed by the Magistrate Judge, Petitioner "does not provide any claim or evidence that he is factually innocent of the crime for which he was convicted." (R&R at 8.) Accordingly, *Bell* is not analogous.

Petitioner argues that exhibits to the Petition make clear that the wiretap authorization with which he takes umbrage is defective. (Objections at 3.) Petitioner cites *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and *Bousley v. United States*, 523 U.S. 614 (1998), in support of this proposition. Petitioner does not explain, nor can the Court discern, how these cases, which state general principles of actual innocence theories in federal court, support his position. In *Perkins*, the Supreme Court, recognizing a "miscarriage of justice exception" to certain procedural issues in habeas petitions, held that habeas petitioners in rare circumstances may avoid an untimeliness bar where the petitioner shows that "it is

more likely than not that no reasonable juror would have convicted him in the light of the new evidence." 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Supreme Court indicated that untimeliness bears on the credibility of evidence offered to show actual innocence. *Id.* at 401. In *Bousley*, the Supreme Court held that a habeas petitioner could prosecute a claim that he was actually innocent of the crime to which he pleaded guilty because, in light of a Supreme Court decision interpreting the criminal statute for the crime, his plea was not voluntary and intelligent because he was misinformed of the elements of the crime during his plea colloquy. 523 U.S. at 618-19. The Court cautioned that, given his guilty plea, the petitioner still had to clear "significant procedural hurdles" in order to proceed. *Id.* at 621. One method the Court identified was to "establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner leaves unexplained how his assertion of a defect in a wiretap authorization that could have been discovered years ago and presented in an earlier Section 2255 motion is justified. (*See* R&R at 9-10.) Petitioner has not shown how this stale evidence qualifies him for the narrow miscarriage of justice exception. *See Perkins*, 569 U.S. at 401 ("[U]ntimeliness . . . does bear on the credibility of evidence proffered to show actual innocence.").

      Notwithstanding, even assuming Petitioner could prove the wiretap authorization was somehow defective, he still has not provided any evidence that he is factually innocent of the underlying crime of conspiracy to commit murder for hire, the crime to which he pleaded guilty. *See Bousley*, 523 U.S. at 623 (petitioner must show "factual innocence, not mere legal insufficiency," in asserting actual innocence claim). In any event, this argument regarding the adequacy of the authorization goes to the merits of the Petition, which this Court cannot address if it lacks jurisdiction. *See Marrero v. Ives*, 682 F.3d 1190, 1194 (9th Cir. 2012) ("[T]he district court *must* answer the threshold jurisdictional question whether a

petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, *before* it can proceed to the merits of the claim." (emphases added)).

Petitioner asks that this Court apply *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to find that Petitioner's sentence is unconstitutional because "the court reached another element to life not the jury nor does it appear in the indictment." (Objections at 3 (errors preserved).) The Court observes that Petitioner's plea agreement contains a stipulation to a statement of facts demonstrating guilt of the offense for which he was convicted, and a statement that life imprisonment was a possible sentence for the offense. Plea Agreement at 2-3, *United States v. Stanley*, No. 2:96-cr-01140-MMM (C.D. Cal. Sept. 15, 1997), ECF No. 507. Additionally, Petitioner waived his right to a jury trial. *Id*. at 4. It is unclear what "essential ingredient of the offense" Petitioner contends was left to the discretion of the trial court, especially given his waiver of his right to a jury trial. *Alleyne*, 570 U.S. at 113; *see also Apprendi*, 530 U.S. at 490 (criminal defendants have a right to have a jury find "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" beyond a reasonable doubt (citation and quotation marks omitted)). Regardless, the Court declines to exercise its discretion to entertain this unsupported, unsubstantiated claim, which Petitioner first (and only) raised in the Objections. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000); *see also, e.g.*, *Blunk v. Ryan*, 728 F. App'x 736, 737 (9th Cir. 2018) (declining to consider "brand-new stand-alone claim for relief that could have been raised long before the magistrate judge considered his habeas petition" but instead was raised "for the first time in his objections").

The Court finds no defect of law, fact, or logic in the R&R. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

///

1   IT IS THEREFORE ORDERED that (1) the Report and Recommendation of
2 the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered
3 denying the Petition and dismissing this action without prejudice to Petitioner
4 seeking permission from the United States Court of Appeals for the Ninth Circuit to
5 file a second or successive motion pursuant to 28 U.S.C. § 2255.

7 DATED: October 25, 2019

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE